or your opponent. So that we call the first case of the day and that's Watson v. City of Allen, Texas. And Mr. Bowman, representing Watson, the plaintiff in this case, we'll hear from you. May it please the court, opposing counsel, my name is Russell Bowman, I'm here with Mr. James Watson. This lawsuit, the appeal is here before the court on simple procedural issues. It's a lawsuit dealing with the constitutionality of red light camera laws in Texas. Our suit was initially filed in state court and it was removed initially by the defendant, American Traffic Solutions, and they removed it based on the Class Action Fairness Act, CAFA, and then subsequently one of the other defendants in the lawsuit, Red Flicks, filed a supplemental notice of removal within that 30 day window that you had to remove the case and they also based removal on federal question jurisdiction. That was based on the civil RICO cause of the case. Where we are is once the case was removed to federal court and the first defendant that had filed this was various motions to dismiss, all based on lack of Article 3 standing, the first defendant to have filed such a motion was Xerox, who had filed their motion on May 27th of 2015, and in our brief we set out kind of the chronology of how and when the various motions to dismiss were filed, which is important because that relates to whether the district court erred in continuing to exercise jurisdiction over the case once the only federal claim in the case, the civil RICO cause of action, had been dropped. And what the district court, what we believe wrongly did, several reasons, but erred in not remanding the case back to state court for several reasons. First, under Enix, once the federal claims in the lawsuit had been dropped, under the factors that you would utilize in that, all the factors either point or favored a remand or just were neutral. And under Enix, there are statutory factors and common law factors that you examine. And under the statutory factors, for example, the first one is whether the case involves a novel issue of state law. There, and what that, as the court at Enix noted, that deals with whether these are claims that haven't been, the state law claims are ones that haven't been ruled on by the Texas Supreme Court. Here, all of these claims that have been asserted concerning whether the red light camera laws are constitutional under the Texas Constitution has not been ruled on. The district court did hold that it had jurisdiction in the case belonged in federal court under CAFA, did it not? Yes, and that was, that's part of the other basis in the case. Okay, I don't mean to, I don't mean to jump your argument. I just was saying that it seems to me that that was the first thing it held, and then it moved to the second matter of saying that it, notwithstanding the fact that it may or may not have a jurisdiction under CAFA, it was asserting its pendant jurisdiction. Is that correct? I believe in, I'd have to go back and look, Your Honor. I thought he looked at the standing issue first and then he said, also no grounds to remand under CAFA would exist because he said the motion wasn't timely filed, which since we're on that, it's a good point to address it. And then he found it, but in the final thing that he took up was the, the pendant state claim, so, right? Yes, and as far as the CAFA motion, since I'm on it and got up early this morning, I don't want to forget it, Judge, but on the CAFA motion, Judge McBride never really got, he didn't get to the merits of it because he, in his opinion, he ruled that the motion had not been timely filed. And as we point out in the brief, there's several reasons why that conclusion is, is just patently erroneous. One, because there was federal question jurisdiction due to the RICO claim. We couldn't file any motion to remand based on the CAFA exception because there would still be federal question jurisdiction. We filed the motion to remand, I believe it's like 11 or 14 days after the RICO claim had been dropped so that it's clearly timely. And something else. If we agree with you on that, that your CAFA motion was, your Do we remand it back to him to consider whether it belongs in the federal court under CAFA? Well, I think if you do, we'll probably be back here again, but I think there's enough evidence in the record, Your Honor, that the court could just reverse his ruling on that and render that we've established the local controversy exception. There are affidavits in the record that two-thirds of the plaintiff's class are Texas. Is that correct? Well, there's the affidavits from the people we were able to get, Your Honor. They themselves don't state, you know, two-thirds of the class is Texas. No, but you have what you believe is two-thirds. Yes, Your Honor. They're not contesting that, as I understand the brief. They're not really primary defendants here are from Texas. Has he only decided standing the judgment of Judge McElroy? Yes. Why can't you go back to the state court? That's part of what we're arguing, Your Honor. Why can't you go back in a new lawsuit and go to state court? Well, when it's refiled, it'll get removed back to federal court and we'll just be around. How will it be removed back now? Well, if it's refiled and the camera companies are sued again, ATS and Redflix will just be removed back to federal court. You mean they'll pick up a federal claim? Well, they'd still be able to remove it under CAFA, Your Honor. So, you know, we need to decide the CAFA issue because otherwise this will keep going on and on. I that is why the arguments we were making, which are completely supported by the case law, is under the Article 3 case or controversy requirement. Mr. Watson didn't get his ticket from every city that was sued. His was from the City of Southlake. And this was part of our pleadings that we pled the juridical link doctrine. And that issue is not squarely come before the court like it is now the Adler case where the court had previously addressed it. Every time I read that case, I still can't figure out what the plaintiff was trying to do because he didn't have a claim against anybody. But if the court decides not to adopt the juridical link doctrine in this case, then with the cases that we cited, including the Hexamer case, which is one the court, this panel should be familiar with, that shows that if there's Article 3 jurisdiction lacking in a claim in a case that's been removed from state court, you have to remand that claim back to state court. And that's part of where we were not adopting juridical link. But let's just say he was correct that the Fifth Circuit wouldn't adopt juridical link, then what he was required to do at that point is remand the claims against those defendants since it's a lawsuit that originally started in state court. Do we have to reach that issue if we say that there's no, that he was incorrect about the CAFA timing and also about the pendant under Enix? Do we still have to reach that? No. I don't think you have to at all, Your Honor. As far as an easy way that would make other issues in the case moot is I agree wholeheartedly with you that if the court finds that it should be remanded under the local controversy exception of CAFA, you don't have to address juridical link because then it'll be for the state court to deal with. The same on the supplemental jurisdiction issue under the Enix case, if it's remanded on that basis. Now the issue of standing against the other cities, that's something for the state court to deal with, which is what it should be since these are solely state law claims. So whether standing would exist under state law is something that should be decided by the state court. A couple of cases that we had cited in our brief, the Carnegie Mellon case from the Supreme Court that, you know, the U.S. Supreme Court strongly cautions federal courts from making unnecessary decisions about state law issues and that remanding this thing back to state court under CAFA or under Enix would squarely fall within that edict from the Supreme Court because it would keep the federal courts from dealing with the state law standing issue, which they don't have to deal with if you remand it back under CAFA or under Enix. So, yes. Counsel, tell me quickly exactly what happened in state court and then in federal court. I got the impression very little in state court, very little in federal court, but didn't take Judge McGrath very long to write a long opinion. Once his mind's made up about something, he moves pretty quickly. So except for the motion to remand, was there any other discovery of any kind? No, none at all, Your Honor, and basically, and I was wise enough to have some of the chronology just in case I was asked, but our lawsuit was filed April the 23rd initially. ATS removed it on May the 5th. So in that short time frame, nothing happened in state court. Then once we got to federal court, basically all that was done was the various motions to dismiss were filed by the defendants. No discovery of any kind was done and as the record will reflect, we hadn't even reached the point where the district court would issue its order requiring the joint report from parties about scheduling and stuff so that then you could start to engage in discovery. So basically, nothing whatsoever pertaining to the merits of the case itself had been done prior to Judge McBride dismissing the defendants and in fact, in a lot of the cases, he issued, or his initial dismissal order was issued before our time to even respond to the motion to dismiss had come due. So basically, he was ruling on these motions and doing all this work after the federal claim had clearly been dropped, which at that point, as I believe it's Carnegie, Miller, and Gibbs. To that extent, to the extent that the CAFA is a federal claim, that's still pending. You mean the RICO claim was dropped? Yes, yes. And at least on the CAFA, our motion to remand was filed, as the record will reflect, June the 26th of 2015 prior to any decision being made on any motion to dismiss. So Judge McBride clearly had before him the grounds we were seeking remand so that... That's what's not clear to me. Why wouldn't the court have decided the CAFA remand issue before embarking on this path? I wish I had an answer, because just logically and as far as utilizing resources, especially this way now, I don't do anything that I could avoid getting out of if I do this, and it makes other things moot, which I don't know why he did not look at the motion to remand first, because to me, it just makes perfect sense to look at that first, because if I'm going to the state court can now go ahead and deal with these, you know, 15 or 16, however many motions to dismiss there were, but instead it was in one of his orders that I think he was more concerned about taxpayer expense than ruling out what the... Well, judges take an interest in cases, counsel. So it just seems to me like he went about it, instead of doing step A first, he went right to step, you know, C or D, whatever, rather than just doing what to me would have made more logical sense, especially since the motion to remand was dealing with jurisdictional issues for the court to continue to hear the case. So, and that's part of why, again, with the remand motion, it was filed when it was because we needed, at least since this court's holdings, I believe in Opelousas and Preston, create the burden of proof on the party seeking to invoke the exception, to prove up the exception. I couldn't just file a motion and allege we met the citizenship requirement. I had to have some evidence, so, and with whoever got these red light tickets, we were basically, as we were getting word from people and they would sign an affidavit, we got them together and then filed it. I'm going to give you one minute to sum up your case as you would like to leave it with us. One minute. One minute. Uninterrupted if we can. Basically, I would say that the district court erred in finding that there was no standing, that standing would exist under juridical link. If the court doesn't adopt that, then it was required to remand those claims against those defendants for whom there was no Article III standing. And as part of that, the district court should have remanded the entire case under the local controversy exception to CAFA and under this court's decision in Enix and also why don't we take Enix and just vacate everything he did and send it back to state court. That's exactly what we should do. Actually, I can't say it any better than that. Okay. Okay. We'll hear from Mr. Liberato. Is that correct? Good morning and may it please the court. Let me start, Judge Rivoli, by answering your last question. And the reason that the court shouldn't just vacate what the trial court did in regard to Enix is for really two reasons. One, because as the court recognizes or seems to recognize that the determination of whether CAFA applies here is determinative. But the second reason is that the trial court didn't abuse his discretion under Enix. So I think that under either situation, the district court had jurisdiction of the case, properly assumed the jurisdiction, and then went forward in deciding the standing issue and then ultimately decided to dismiss the case as opposed to sending them back. The CAFA issue has come up this morning as far as what the trial judge did. And I went back and double-checked the opinion. And what he did is at the very beginning of the he just recognized the fact that the plaintiffs really don't dispute the application of CAFA. Where the rub comes is whether the exceptions apply. So the judge at the very beginning has a brief mention of the fact that the parties don't dispute that. And then he jumps into a long discussion of Enix, which I think makes it a little bit confusing. And it's one of the reasons I had to go back and check because I wasn't sure the exact order. But the issue on CAFA is that there is jurisdiction, but the second part of it, does one of these exceptions apply? And the one that we heard about this morning, but there's another one in the brief, but the one this morning was the home state exemption. And the home state exemption applies basically whenever two, I think it was three-fourths of the plaintiffs and the primary defendants are Texas residents. So the question then becomes, are these companies that administer the red light camera programs, are they primary defendants? And the answer is yes, they are primary defendants. None of those three companies. Okay, let me, on that, the state of Texas is being sued here. That's correct. The state of Texas is the one that authorized these ordinances by its own statute. That's correct. And if the ordinance... It's a long part of the transportation section of the code. Well, I don't know about that, but I'm... It is a substantial part of the transportation section. Okay, okay, okay. But okay, so the state of Texas is the primary defendant in this case. It seems to me they are the ones that instigated this by enacting the statute. Now, and without the statute that authorized this procedure, it wouldn't exist. They're seeking to have that, as I understand it, declared unconstitutional. The state of Texas acted unconstitutionally in enacting this statute. Is that correct? That's correct. All right, so if it is unconstitutional, then that wipes the whole thing out. Now, the other thing that I am concerned about is the three defendants that you've mentioned who administered this. They're the ones that come in and set it up. They're the ones that operate it completely and in all of its mechanical operations, or I should say it's operational. But it is the... And it is only if you divide the defendant's cities that they become the primary defendants. So, I mean, somewhere in there is the state of Texas seems to be the primary. To me, this is where I was looking at it. No, I understand your question. If I may, I think it's a two-part answer. Number one, there can be more than one primary defendant. So assuming the state of Texas is a defendant, a primary defendant, so can the three companies be primary defendants. And so the fact that the state of Texas is a primary defendant wouldn't take it out of jurisdiction. Why are the companies a primary defendants other than the fact that they are the defendants with respect to all of the plaintiffs? Well, I think that you're exactly right. I think that's one of the reasons, because the liability, if the plaintiffs were ultimately to prevail, the liability would be all, would be covered by all three of the defendants. They would reach everyone. And the second part of that is that that the authority supporting this and the legislative history behind it is that the party that incurs the most loss is a primary party. And the most loss is going to be incurred potentially. We don't think it will ultimately, would ultimately happen, but potentially the most loss would be by these companies. Because not only would they be liable as a group for all of the alleged damages for every ticket issued to the class, but they also have DTPA claims against them. And there are no DTPA claims, and there cannot be, against the city. So there can be traveling. So the, if you go back, one goes back to the test of who incurs the most loss, I think there's no question that it is these primary defendants and the cities as the primary defendants. So that would be the two pieces. Number one, under the standards of who incurs the most loss, the companies are primary defendants. And the second is that there can be more than one primary defendant. Okay, but how do, do you even address the question of the, I suppose it's the legislative history that suggests that the primary defendants are the target, the target defendants. The target seems to be the state of Texas, and the targets seems to be the cities. It's not the target, the companies are not the target of this litigation. Right, well the, I can see that, and I can understand, I understand your point, but I think also these companies are the targets. And so how do you define what a target is? You look further to what are the definitions, or what do you, consider in determining what a target, and that is who incurs the most loss. And so I think that at the end of the day, if the monetary loss, potential loss for the cities is the question, then there's no question that it would be the companies that incur the most loss. But the predominant legal claims are, relate to the municipalities. Well, they may relate to the, they relate to the municipalities, but they also relate to the companies, because the companies, go ahead your honor. No, but it's just the, it's a common legal question about the jurisdiction of the municipal courts, and the constitutionality of this. That's the predominant legal issue in the way the court decided it, was on standing. And so on the standing issue, even if the court disagrees on CAFA, then the court, the district court, has jurisdiction under supplemental jurisdiction. I noticed that you didn't start with the possible waiver of the CAFA remand, that was mentioned in passing by the district court. I assume that you don't believe that that's a valid grounds. I wouldn't say, are you talking about the timing? The timing. Judge, I wouldn't say that I don't think it's a valid ground, but I would say I don't think it's our strongest ground. Okay, because if we were to find that, we would be setting up a circuit split with the 8th and the 2nd circuits, wouldn't we? Who've applied reasonableness? Reasonableness as the determined, no circuit has ever said that it's 30 days in the CAFA context, so we would be creating a circuit split, and it would be a pretty bold move, wouldn't it? Well, I think there are easier ways to get to the same result than this. I'm not sure there would be a circuit split in this sense, and that is that what those circuits determine, the standard that they use is whether it's a reasonable time before the response is filed, and reasonable time is sort of in the eye of the beholder. So I honestly think our position is so strong on both CAFA and on supplemental jurisdiction. On the supplemental jurisdiction issue, when one looks at all of the factors and sees what the district court did, I think it's pretty clear that what he has in mind and that drives him as far as many of these factors is the fact that what he believes is, and we also, is not a valid claim at all, really an illegitimate claim that this juridical link doctrine could indeed apply to allow a party who has no injury against him to sue defendants who have not caused any injury. And so in the supplemental jurisdiction, there's always going to be a weighing and a balancing test applied, and when the court applied the balancing test, the novel or complex relates to the standing issue, judicial economy, and Judge Reveley, you had mentioned what had happened, and if I may, let me answer that question at this point, because it does relate to supplemental jurisdiction and the factor of judicial economy. At the time that the motion to remand was filed, there had been 17 motions to dismiss, excuse me, yeah, 17 motions to file, 17 motions filed by 55 defendants. Of those, several were motions to dismiss, substantive motions, and there had been over 200 filings in the case. And I think enough before the court where, as you read the opinion and you see why he talks about why he was assuming supplemental jurisdiction, he feels like he is, according to the order, that he spent that amount of time, and that based on judicial economy and his concern about the cities, that they shouldn't, that to allow the case to go back would mean that the plaintiff is getting a second bite in the apple, and that's where he talks about the fairness issue. And forum manipulation, there's an extensive discussion about forum manipulation. Understand that forum manipulation does not trump all the other factors, but it is a consideration. How is there forum manipulation here? This is not, how is there forum manipulation here? According to the district judge, what he determined was that they, that the plaintiff, included the RICO claim in the state court action, knew that that would cause the case to be removed, and then, depending on what court he got in, and maybe a view of how the motions to dismiss would shake out, he could then drop the RICO claim and go back to state court or have his pick, depending on which federal judge court he was in. That seems to me what the district court is saying, and so that's where— It's not implausible. Well, not impossible. Yeah. Not impossible? Or implausible, I mean. I'm sorry, Your Honor? It's not implausible, I mean, I suppose. Right, not implausible. Yes, Your Honor. But it's not dispositive, but that's to answer your question, Judge Elrod. But, you know, like, there are some factors that are more favorable to them, one being that they're only, you know, that the federal claim is dismissed, but on balance and bearing in mind what is the, what is the, you know, the other actions by the court fitting all those together and the court's deep analysis. You know, in the edicts case, as you may recall, one of the problems with that case is that the district judge did not go through the statutory and the common law factors in determining whether to exercise supplemental jurisdiction. Here, the district judge went through all of those factors, analyzed those factors, and then explained that that's why he's exercising supplemental jurisdiction. His problem, though, it goes to the third point, and I think the way to look at this case, if I may suggest, is the first question, and it's true in every case, is jurisdiction. Is there jurisdiction based on CAFA or on supplemental jurisdiction? If there is, then did the trial court act correctly in ruling that as to the vast majority of these defendants, there was no standing? And assuming that that decision was correct, did he correctly dismiss the case as opposed to sending them back? So that seems to be the order. Why wouldn't, why wouldn't he have been obligated, well, I don't know what obligated, but why wouldn't it have been the better course for him to remand the case once he determined that no one, that the plaintiff had no standing to represent the vast majority of the class? Well, there's two reasons. The first is that this circuit has recognized that futility is a reason to dismiss the case as opposed to sending it back to the state court. So that gets back into the issue of whether the juridical link doctrine would be accepted in Texas by the Texas Supreme Court, and the answer to that is absolutely not. What the juridical link doctrine allows is the defendant to borrow, excuse me, a plaintiff to borrow jurisdiction from the plaintiffs, excuse me, from other plaintiffs who would be in the class, the not named plaintiffs. And in the Heckman case by the Texas Supreme Court, it did everything but mention juridical link. I think it's so far out there that no one raised it, but the Texas court in Heckman said that you, in a class action, that the named defendants have to have standing as to the, the named plaintiffs have to have standing to the defendants. And on either side of the V, there has to be that, that injury caused. It doesn't have to be everybody. But they all did. I mean, all of them suffered the same injury. They did. Yeah, I mean, so. But, but, but they, but they're not named. They should at least have to have their name on the pleading. They, they, it, it, it, it. But, no, I mean, all, seeking to represent all people, all victims off this red light system who were not driving their automobiles or not there at the time the red light was run. And so all of those people all suffered the same injury. They, they did, Your Honor. All right. So, I mean, and the same injury that the plaintiff himself, who seeks to represent the class, suffered as well. I agree with that. It just, it just wasn't, the injury was not administered by the same municipality. That's all. And, and I think that's, that's exactly right. And that's a huge difference. Yes, it's the same injury, but there's no causation. And so there has to be the link up of causation along with the injury. And it, it goes in. Well, then how did Heckman have the right to sue the judges not involved in their cases? I'm sorry, Judge? In Heckman, I thought the plaintiffs there had standing to sue the judges not involved in their cases. They only did if there, if there was an alleged injury caused to them by those judges. And so what happened is that, that actually Heckman reversed the Court of Appeals, which said no standing at all, that there had to be a mirror image of as long as there is one plaintiff who has standing against at least one of the defendants. And, and so that's where Heckman, the decision made in Heckman. And so the bottom line on that is that under Texas law, and frankly, under Fifth Circuit law, that to obtain jurisdiction, there must be this link, this causation that someone cannot sue or even borrow, to use the terminology that's in Texas, cannot borrow standing from a defendant. To be sure, Judge Jolly, there is, it's the same injury that's alleged, but there's not the causation. You just can't go out. I mean, what, what this would allow would be somebody to sue multiple defendants without establishing that most fundamental Article III basis, and that is to be able to have that causation that some defendant caused me, at least an allegation that a defendant caused me injury. And there is not even any allegation of that. Instead, it's through reliance on juridical link. So the, the one, to finish the point about why not remand versus dismissal, and the reason is number one, futility, which this court has endorsed as a basis for retaining jurisdiction. And then the second, which has also been endorsed by this court, is the fact that there should not be a partial remand. The court looked to the statute and the remand statute, and it says that 1447C, the district court lacks jurisdiction, the case shall be remanded, the case. And in this court, in Samuels versus Twin City, said that the case means the entire case. Now, Samuels is a, an unpublished opinion, but it is supported by two things. One, this direct application or interpretation of the law, because the statute says the case, and then number two, it refers to Wright and Miller, which also says the same thing, and that is that a case cannot be partially remanded. So that would be the additional reason, either of those independent, that the trial court acted correctly in dismissing the case, either because of futility, or he can't send back part of the case. You recall that he, that he keeps the, the case against Southlake and Redflex, where he does, has been able to show standing. So with that, I ask the court to affirm the judgment of the trial court. Thank you, Ms. Liberto. Thank you very much. Now we'll hear from Mr. Bowman in rebuttal. Counsel, why, for, you have legal and illegal reasons, not financial or political, legal reasons, for naming all of these cities an extra defendant? Yes, Your Honor, and basically it's because under the juridical link doctrine in our Texas state law standing principles, they would be viable defendants to join in the lawsuit, since they are all acting uniformly pursuant to the same statute, which is Chapter 707 of the Transportation Code. So it, it allows that issue concerning all these cities to be legally, that you could keep them, but I'm thinking about are there any legal reason, why wouldn't it be simpler not to even have that issue before you? Well, the other part, too, Your Honor, is, is if I leave out some potential defendants, I might have committed a legal error, let's say, so I'm just trying to make sure I cover all bases. We have, we have everything in one pot, so to speak. All right, I'm just trying to make things easy. Now a couple things I'd notice, when counsel got up to address the CAFA issue, I noticed that she discussed the home state exception, but didn't, at least I didn't hear her about the local controversy exception. Now, we've pled both of those, and they were part of our motion, and I think we've met both of those, and as to the home state exemption, exception, part of what we put in there was, was exactly what I was hearing from some of the questions, and that is, at least from the cases that we found, the home state exemption focuses on, you know, the target defendant, who is the one that has created this situation, and that's clearly, in this case, the state of Texas and the cities. The state of Texas enacted Chapter 707 that allowed cities, if they wanted to, to enact red light camera ordinances. Cities didn't have to do it, but if they wanted to do it, the legislature, uh, by Chapter 707, was authorizing them to do that, which these cities. But this never could have happened. This never could have happened without the three defendants providing the services that they provided. I don't know how, I don't, I don't know exactly how this came about, but they would come into the different cities and say, look, we can set this thing up for you for a fee, and so they were making a lot of money out of it, and if they hadn't, if you hadn't had someone like them, this never could have occurred. Well, I don't know if there's evidence on it, your honor, but, uh, they're, they're clearly, they have them, these camera companies administer it, but they don't have to, and they could easily have people do that should they want to do that. But, again, that just deals with the home state exemption, uh, exception, you know, under the local controversy exception, that has a different test where you don't even address that issue. It just looks at, uh, is there at least one defendant from whom significant relief is being sought that is a citizen of the state where the lawsuit was originally filed, and here we don't just have one, we've got the 53 cities that we've seen. Is it also, I mean, a requirement that, uh, similar suits have not been filed in the last three years or whatever? Yes, your honor, and, uh, although this court, uh, and I've checked again this weekend, I haven't found a case where courts address that, uh, component of it, uh, but the cases I have found that I cited, uh, in brief, including, uh, I can never say it, Vodenkire, uh, and then there's the King case and one other one, uh, they interpret that as being, you know, is there a member of a class of this class that's, you know, part of another class, uh, suing those defendants? And that is just people that have gotten red light camera tickets in Texas pursuant to these Texas ordinances and statutes. What that, no other class action in preceding three years, it's dealing with stuff like drug companies that get sued by people that have ingested drugs. But, I mean, aren't these red light, aren't these red light suits popping up all over the country though? Uh, they are, but, uh, again, they're dealing with people say they've got a red light ticket in Chicago pursuant to some Chicago ordinance. It's not about the constitutionality of Texas law. Correct. And we're, uh, I see my time's up, but where that's real critical is like section 29 of our Texas constitution, which, which isn't in these other constitutions or the federal ones. So I think we're clearly under that exception and the case should be, uh, remanded back to state court. Thank you. Thank you, Mr. Bowman. Call the next case of the day. Ed Winifield.